| AOC-105 | Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | <br><br>**CIVIL SUMMONS** | Case No. **13 C I 0 3 8 8 4**<br><br>Court   ✓ Circuit ☐ District<br><br>County   ~~Jefferson~~ JEFFERSON CIRCUIT COURT<br>DIVISION TWO (2) |

**PLAINTIFF**

MICHAEL S. HALL

**VS.**

**DEFENDANT**

EQUIFAX, INC.

1550 Peachtree Street, N.W.

Atlanta,                Georgia                30309

**Service of Process Agent for Defendant:**

The Prentice Hall Corp. System

421 W. Main Street

Frankfort, KY  40601

---

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or** by an attorney on **your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:   **AUG 0 1 2013** , 2_____

DAVID L. NICHOLSON, CLERK

_____ Clerk

By:   _____ ᴄᴧ ᗷ _____ D.C.

---

| **Proof of Service** |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| this _____ day of _____ , 2_____.<br><br>Served by: _____<br><br>_____ Title |

NO. _____                              JEFFERSON CIRCUIT COURT
                                                  DIVISION
**13 C I 03884**   JUDGE _____   JEFFERSON CIRCUIT COURT
                                                  DIVISION TWO (2)

MICHAEL S. HALL                                   PLAINTIFF

v.                     **VERIFIED COMPLAINT**

EQUIFAX, INC.                                     DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309
SERVE:       Kentucky Secretary of State

REGISTERED AGENT:     The Prentice Hall Corp. System
                      421 W. Main Street
                      Frankfort, Kentucky 40601

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309
SERVE:       Kentucky Secretary of State

REGISTERED AGENT:     CSC-Lawyers Incorporating Service Co.
                      421 W. Main Street
                      Frankfort, Kentucky 40601-1550

ICUL SERVICE CORPORATION
d/b/a CONTINENTAL FINANCE
1807 W. Diehl Road
Naperville, Illinois 60565
SERVE:       Kentucky Secretary of State

REGISTERED AGENT:     Daniel D. Plauda
                      1807 W. Diehl Road
                      Naperville, Illinois 60565

HSBC CARD SERVICES, INC.
26525 North Riverwoods Boulevard
Mettawa, Illinois 60070
SERVE:       Kentucky Secretary of State

REGISTERED AGENT:     CT Corp. System
                      306 W. Main Street, Suite 512
                      Frankfort, Kentucky 40601

CAPITAL ONE N.A. CORPORATION
1680 Capital One Drive
McLean, Virginia 22102
SERVE:      Kentucky Secretary of State

REGISTERED AGENT:      CSC-Lawyers Incorporating Service Co.
                       421 W. Main Street
                       Frankfort, Kentucky 40601

** ** ** **

Comes the Plaintiff, Michael S. Hall, by counsel, and for his Verified Complaint against the Defendants, Equifax, Inc., Equifax Information Services, LLC ("Equifax"), ICUL Service Corporation d/b/a Continental Finance ("Continental Finance"), HSBC Card Services, Inc., and Capital One N.A. Corporation ("Capital One"), states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for negligence, negligence *per se*, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et. seq., the Truth In Lending Act ("TILA"), 15 U.S.C. §1601 et. seq., and the Kentucky Consumer Protection Act ("CPA"), KRS 376.170, against Defendants Equifax, Continental Finance, and Capital One.

## II. PARTIES

2.      Plaintiff, Michael S. Hall, is and was at all times relevant to this Verified Complaint a citizen of the Commonwealth of Kentucky residing at 8107 Keira Ridge Court, Louisville, Kentucky 40291.

3.      Plaintiff is a "person" as that term is defined by the CPA, KRS 367.110(1).

4.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

5.      Plaintiff is an "obligor" as that term is used in the TILA, 15 U.S.C. §1666.

6.      Defendant, Equifax, Inc. is a corporation organized under the laws of the State of Georgia doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

2

7.     Defendant, Equifax Information Services, LLC is a limited liability company organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

8.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o). Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports", as that term is defined at 15 U.S.C. §1681(d), to third parties.

9.     Equifax is a "person" as that term is defined by the CPA, KRS 367.110(1).

10.     Defendant, ICUL Service Corporation d/b/a Continental Finance is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 1807 West Diehl Road, Naperville, Illinois 60565.

11.     Continental Finance is a "person" as that term is defined by the CPA, KRS 367.110(1).

12.     Continental Finance is a "financial institution" as that term is defined by the FCRA, 15 U.S.C. §1681a(t), and a "furnisher of information" as that term is used in the FCRA, 15 U.S.C. §1681s-2(b).

13.     Continental Finance is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

14.     Defendant, HSBC Card Services, Inc. is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 26525 North Riverwoods Boulevard, Mettawa, Illinois 60070.

3

16.     Defendant, Capital One N.A. Corporation is a corporation organized under the laws of the State of Virginia and doing business in the Commonwealth of Kentucky with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

17.     Capital One is a "person" as that term is defined by the CPA, KRS 367.110(1).

18.     Capital One is a "financial institution" as that term is defined by the FCRA, 15 U.S.C. §1681a(t), and a "furnisher of information" as that term is used in the FCRA, 15 U.S.C. §1681s-2(b).

19.     Capital One is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602(g).

### III. JURISDICTION

20.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. § 1681(p); (2) pursuant to the TILA, 15 U.S.C. §1640(e); (3) because the amount in controversy exceeds the jurisdictional threshold for this Court but does not exceed $75,000.00 exclusive of interest and costs; and (4) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

21.     This action concerns a purported credit card account in Plaintiff's name with Continental Finance, Account Number ending in 9021, and a purported credit card account with Capital One, Account Number ending in 5844.

22.     Both of the foregoing accounts are fraudulent.  Plaintiff never applied for credit with Continental Finance or Capital One, and never used any funds from either account.

23.     Plaintiff discovered the fraudulent accounts in or about March 2013 and immediately informed Continental Finance and Capital One that the accounts were

4

fraudulent, and both Continental Finance and Capital One acknowledged that the accounts were fraudulent.

24.     Also, in or around March 2013, Plaintiff checked his credit report and discovered that Continental Finance had reported its purported account as delinquent and that Capital One had reported its purported account as open.

25.     Continental Finance continues to report the subject account as delinquent and Capital One continues to report the subject account as open even after Plaintiff informed Continental Finance and Capital One that the accounts were fraudulent - and after Continental Finance and Capital One had acknowledged that the accounts were fraudulent.

26.     In addition, Capital One has demanded that Plaintiff pay the balance of the account – an account Capital One has acknowledged to be fraudulent, in exchange for its deleting the account from Plaintiff's credit history.

27.     In or about April 2013, Plaintiff filed a dispute with Equifax concerning the Continental Finance and Capital One accounts.

28.     Upon information and belief, Equifax, pursuant to the requirements stated in 15U.S.C. §1681i(a)(2)(A), notified Continental Finance and Capital One of the dispute at or within five days of Equifax's receiving notice of the dispute from Plaintiff.

29.     Despite Plaintiff's lawful request for removal of the Disputed Items pursuant to the FCRA, Equifax failed to remove the Disputed Items from Plaintiff's credit report. Furthermore, upon information and belief, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the Disputed Items within a reasonable time following Equifax's receipt of Plaintiff's dispute.

30.     Continental Finance's and Capital One's reporting of fraudulent accounts to Equifax and other credit bureaus, and Equifax's failure to remove the Disputed Items from

Plaintiff's Consumer Report, have harmed Plaintiff's credit rating. Plaintiff's credit rating, has, in fact, declined substantially due to Continental Finance's and Capital One's false reports to Equifax, and due to Equifax's unlawful failure to remove the Disputed Items from Plaintiff's credit report.

## V. CLAIMS

### NEGLIGENCE – EQUIFAX

31.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32.    Equifax's failure to remove Continental Finance's and Capital One's false reports of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent and negligent per se.

33.    Equifax's negligent failure to remove Continental Finance's and Capital One's false reports of Plaintiff's alleged debt from Plaintiff's credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in his credit rating, and other compensatory and consequential damages.

34. Equifax's failure to remove Continental Finance's and Capital One's false reports of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notice to Equifax of the falsity of the reports, was wilful and wanton, entitling Plaintiff to punitive damages therefor.

### NEGLIGENCE – CONTINENTAL FINANCE

35. Plaintiff hereby adopts and incorporates the allegations contained Paragraphs 1 through 34 as if fully set forth herein.

36.    Continental Finance's false reporting to Equifax regarding the alleged delinquent debt was negligent and negligent per se under applicable law.

6

37.     Continental Finance's false reporting to Equifax regarding the alleged delinquent debt of the Plaintiff has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in his credit rating, and other compensatory and consequential damages.

38.     Continental Finance's false reporting to Equifax regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefor.

## NEGLIGENCE – CAPITAL ONE

39.     Plaintiff hereby adopts and incorporates the allegations contained Paragraphs 1 through 38 as if fully set forth herein.

40.     Capital One's false reporting to Equifax regarding the alleged delinquent debt was negligent and negligent *per se* under applicable law.

41.     Capital One's false reporting to Equifax regarding the alleged delinquent debt of the Plaintiff has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in his credit rating, and other compensatory and consequential damages.

42.     Capital One's false reporting to Equifax regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefor.

## VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT – EQUIFAX

43.     Plaintiff hereby adopts and incorporates the allegations contained Paragraphs 1 through 42 as if fully set forth herein.

44.     Equifax's failure to remove the Disputed Items from Plaintiff's credit report despite knowledge of the falsity of the Disputed Items, amounts to unfair, false, misleading and/or deceptive acts or practices in the conduct of trade or commerce in violation of Kentucky's CPA, KRS 367.170(1).

45.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the Disputed Items within a reasonable time following Equifax's receipt of Plaintiff's dispute amounts to unfair, false, misleading and/or deceptive acts or practices in the conduct of trade or commerce in violation of Kentucky's CPA, KRS 367.170(1).

46.     Equifax's continuing publication of false statements to others regarding Plaintiff's creditworthiness and Plaintiff's alleged debt amounts to unfair, false, misleading and/or deceptive acts or practices in the conduct of trade or commerce in violation of Kentucky's CPA, KRS 367.170(1).

47.     Equifax's violations of the CPA entitle Plaintiff to compensatory, consequential and punitive damages therefor, and further entitle Plaintiff to an award of his attorneys' fees.

## VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT – CONTINENTAL FINANCE

48.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49.     Continental Finance's continuing false reporting to Equifax of Plaintiff's alleged debt, such report made with full knowledge of the falsity of the report, amounts to unfair, false, misleading and/or deceptive acts or practices in the conduct of trade or commerce in violation of Kentucky's CPA, KRS 367.170(1).

50.     Continental Finance's violations of the CPA entitle Plaintiff to compensatory, consequential and punitive damages therefor, and further entitle Plaintiff to an award of his attorneys' fees.

8

## VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT –
### CAPITAL ONE

51.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     Capital One's continuing false reporting to Equifax of Plaintiff's alleged debt, such report made with full knowledge of the falsity of the report, amounts to unfair, false, misleading and/or deceptive acts or practices in the conduct of trade or commerce in violation of Kentucky's CPA, KRS 367.170(1).

53.     Capital One's demand that Plaintiff pay the balance of the account Capital One acknowledged as fraudulent in exchange for Capital One's deleting the account from Plaintiff's credit history amounts to an unfair, false, misleading and/or deceptive act or practice in the conduct of trade or commerce in violation of Kentucky CPA, KRS 367.170(1).

54.     Capital One's violations of the CPA entitle Plaintiff to compensatory, consequential and punitive damages therefor, and further entitle Plaintiff to an award of his attorneys' fees.

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT –
### CONTINENTAL FINANCE

55.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56.     Continental Finance's initial false reporting and its continuing false reporting to Equifax of Plaintiff's alleged debt is a violation of Continental Finance's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

57.     Continental Finance's continuing failure to correct its false reporting to Equifax of Plaintiff's alleged debt is a violation of Continental Finance's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

9

58.     Continental Finance's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Continental Finance is liable to Plaintiff for Plaintiff's actual damages and for Plaintiff's attorneys' fees.

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT – CAPITAL ONE

59.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.     Capital One's initial false reporting and its continuing false reporting to Equifax of Plaintiff's alleged debt is a violation of Capital One's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

61.     Capital One's continuing failure to correct its false reporting to Equifax of Plaintiff's alleged debt is a violation of Capital One's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

62.     Capital One's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Capital One is liable to Plaintiff for Plaintiff's actual damages and for Plaintiff's attorneys' fees.

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT – EQUIFAX

63.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64.     Equifax's failure to remove the Disputed Items from Plaintiff's credit report despite knowledge of the falsity of the Disputed Items is a violation of Equifax's duty to assure maximum possible accuracy of consumer reports under 15 U.S.C. § 1681e(b) and a violation of Equifax's duties regarding investigation of Disputed Items under 15 U.S.C. § 1681i.

65.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the Disputed Items within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of Disputed Items under 15 U.S.C. § 1681i.

66.     Equifax's violations of the FCRA amounts to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages and for Plaintiff's attorneys' fees.

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT – CONTINENTAL FINANCE

67.     Plaintiff hereby adopts and incorporates the allegations contained Paragraphs 1 through 66 as if fully set forth herein.

68.     Continental Finance's initial false reporting and its continuing false reporting to Equifax of Plaintiff's alleged debt, despite Continental Finance's knowledge of the falsity of its reporting, is a willful violation of Continental Finance's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

69.     Continental Finance's continuing failure to correct its false reporting to Equifax of Plaintiff's alleged debt despite Continental Finance's knowledge of the falsity of its reporting, is a willful violation of Continental Finance's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. § 1681s-2(a) and (b).

70.     Continental Finance's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which Continental Finance is liable to Plaintiff for Plaintiff's actual damages, for punitive damages, and for Plaintiff's attorneys' fees.

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT – EQUIFAX

71.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72.    Equifaxs failure to remove the Disputed Items from Plaintiff's credit report despite knowledge of the falsity of the Disputed Items is a willful violation of Equifax's duty to assure maximum possible accuracy of consumer reports under 15 U.S.C. § 1681e(b) and Equifax's duties regarding investigation of Disputed Items under 15 U.S.C. § 1681i.

73.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the Disputed Items within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of Disputed Items under 15 U.S.C. § 1681i.

74.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for punitive damages, and for Plaintiff's attorneys' fees.

## VIOLATION OF THE TRUTH IN LENDING ACT – CONTINENTAL FINANCE

75.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76.    Continental Finance's initial false reporting and its continuing false reporting to Equifax of Plaintiff's alleged debt is a violation of Continental Finance's duties as a creditor pursuant to the TILA, 15 U.S.C. § 1666a.

77.    Continental Finance's continuing failure to correct its false reporting to Equifax of Plaintiff's alleged debt is a violation of Continental Finance's duties as a creditor pursuant to the TILA, 15 U.S.C. § 1666a.

78.     Continental Finance's violations of the TILA entitle Plaintiff to statutory damages, Plaintiff's actual damages, and Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1640.

## VIOLATION OF THE TRUTH IN LENDING ACT – CAPITAL ONE

79.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

80.     Capital One's initial false reporting and its continuing false reporting to Equifax of Plaintiff's alleged debt is a violation of Capital One's duties as a creditor pursuant to the TILA, 15 U.S.C. § 1666a.

81.     Capital One's continuing failure to correct its false reporting to Equifax of Plaintiff's alleged debt is a violation of Capital One's duties as a creditor pursuant to the TILA, 15 U.S.C. § 1666a.

82.     Capital One's violations of the TILA entitle Plaintiff to statutory damages, Plaintiff's actual damages, and Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1640.

WHEREFORE, Plaintiff, Michael S. Hall, respectfully demands the following:

A.  Trial by jury on all issues so triable;

B.  An award of all damages to which Plaintiff is entitled, including all compensatory consequential, statutory, actual, and punitive damages as allowed by law;

C.  An award of Plaintiff's costs and attorneys' fees;

D.  An award of all pre- and post-judgment interest at the maximum allowable rate; and

E.  Any and all other relief to which Plaintiff may be entitled.

13

Respectfully submitted,

David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY 40202
(502) 589-4994

14

I have read the foregoing document and the statements contained therein are true to the best of my knowledge and belief.

_____
Michael S. Hall

Subscribed and sworn to before me by Michael S. Hall this 2 5th day of July, 2013.

_____
Notary Public
Commission expires: 8-4-2014

15



David L. Nicholson
Jefferson County Circuit Court Clerk
Circuit Court Division
Louis D. Brandeis Hall of Justice
600 West Jefferson Street
Louisville, Kentucky 40202




7013 0600 0002 0195 3423




U.S. POSTAGE ⟫ PITNEY BOWES

ZIP 40202 $ 007.17⁰
02 1F
0001376043 AUG 02 2013

The Prentice Hall Corp. System
421 W. Main Street
Frankfort, KY 40601

CERTIFIED MAIL
RETURN RECEIPT REQUESTED